UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

================================================================

ALAINE HODGE,

                              Plaintiff,

                                                              ORDER
              v.                                              05-CV-027A

SUN QU-HONG,

                              Defendant.

================================================================


## INTRODUCTION

        Currently before the Court is a motion by the defendant to vacate

entry of default and to dismiss this action for lack of jurisdiction.  For the reasons

stated, the motion is granted.

## BACKGROUND

        Plaintiff Alaine Hodge commenced this action on January 12, 2005,

alleging negligence by the defendant, Sun Qi-Hong, in connection with a car

accident that occurred on January 22, 2004.  The defendant was the driver of a

vehicle that collided with a vehicle in which the plaintiff was a passenger.  When

the police arrived at the scene, the defendant presented the police officer with a

Wisconsin driver's license and an insurance card.  The insurance card identified

the plaintiff's address as 329 Evans Street, Williamsville, New York, 14221.  The

defendant states that he told the police officer that his current address was the one listed on his insurance card.  Nevertheless, the police officer recorded the defendant's address as 15205 West Park Terrace, New Berlin, Wisconsin, which was the address listed on his driver's license.  The defendant had moved from Wisconsin to New York in 2003.

Operating under the mistaken belief that the defendant resided in Wisconsin, the plaintiff commenced this action pursuant to the Court's diversity jurisdiction, 28 U.S.C. § 1332.  Service was made upon the Secretary of State for the State of New York, pursuant to New York State's Vehicle and Traffic Law, § 253.  The defendant failed to answer the complaint.  On October 25, 2005, the plaintiff moved for a Clerk's entry of default.  Entry of default was filed on October 26, 2005.

On November 23, 2005, the plaintiff moved for default judgment against the defendant.  On December 9, 2005, the defendant filed a motion to vacate entry of default and to dismiss the action for lack of diversity jurisdiction.

On March 28, 2006, the parties appeared for argument on the motions.  At that time, the Court ordered discovery and further briefing on the issue of whether diversity jurisdiction exists.

The defendant appeared for a deposition on June 23, 2006.  He testified that he is a citizen of China and a lawful permanent resident of the United States.   In 1994, he moved to Wisconsin from China with his family.  He

2

resided in Wisconsin until 2003.  While in Wisconsin, he maintained bank

accounts and owned property there.  In 2003, he moved to New York from

Wisconsin, closed his bank accounts and sold his property.  When the accident

occurred in 2004, he no longer owned any property or had any bank accounts in

Wisconsin.

The defendant testified that he has resided in Williamsville, New

York, since 2003.  He is employed at the University of Buffalo and maintains bank

accounts in New York State.  He also has a bank account and an apartment in

China.  However, he rented the apartment and opened the Chinese bank account

after the accident in 2004.  The defendant is a visiting professor at a university in

Beijing.  However, he has no plans to return to China to live there permanently.

## DISCUSSION

The defendant moves to dismiss this action for lack of diversity

jurisdiction.  Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over civil

actions between citizens of different states where the matter in controversy

exceeds $75,000.  A person's citizenship for diversity purposes is the place

where he is domiciled.  Domicile is "the place where a person has 'his true fixed

home and principal establishment, and to which, whenever he is absent, he has

the intention of returning.'"  Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998)

(quoting 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure

§ 3612, at 526 (2d ed. 1984)).  In determining a party's domicile, a court looks to a variety of factors; no single factor is determinative.  As the Fifth Circuit explained:

> The court should look to all evidence shedding light on the litigant's intention to establish domicile. The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family.

See Coury v. Prot, 85 F.3d 244, 251 (5th Cir. 1996).

The party seeking to invoke the Court's diversity jurisdiction bears the burden of proof.  Linardos, 157 F.3d at 947.  That party must allege a proper basis for jurisdiction in her pleadings and must support those allegations with "competent proof" if a party opposing jurisdiction properly challenges those allegations.  Id.

In this case, the plaintiff has failed to sustain her burden of proving that diversity jurisdiction exists.  Diversity jurisdiction must exist at the time that the action is commenced.  Id.  The evidence indicates that the defendant was domiciled in New York State when this action was commenced.  Although he still held a Wisconsin driver's license, he had left his employment, sold his property and closed his bank accounts in Wisconsin.  He resided in New York with his family, had bank accounts in New York, worked in New York and paid New York State taxes.  He had left his employment, sold his property and closed his bank

4

accounts in Wisconsin.  In short, he had severed all ties to Wisconsin with no apparent intent to return.  There is simply no evidence to suggest that he was domiciled in Wisconsin at the time that the action was commenced.

Apparently recognizing this fact, the plaintiff now attempts to argue that diversity jurisdiction exists by virtue of the defendant's Chinese citizenship. For the purposes of diversity jurisdiction, an alien admitted to the United States for permanent residence is deemed to be a resident in the State in which he is domiciled.  See 28 U.S.C. § 1332(a).  As discussed, the defendant's domicile at the time the action was commenced was New York State.  Even though he has since rented an apartment and opened a bank account in China, there is no indication that he intends to leave New York State to return to China permanently.

Upon consideration of all the facts and circumstances presented, the Court finds that this action must be dismissed for lack of diversity jurisdiction. The defendant's motion to dismiss and to vacate entry of default is granted.  The Clerk of the Court shall take all steps necessary to close this case.

IT IS SO ORDERED.

/s/ *Richard J. Arcara*
_____

HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: September 15    , 2006

5